IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT WILLIAMS CHAVERS, JR. | § § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-12-CV-0800-L-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § | |
| Respondent. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Albert Williams Chavers, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1989, petitioner was charged in separate indictments with two different murders. Petitioner was convicted of both murders and sentenced to consecutive terms of 55 years and life imprisonment. Both convictions were affirmed on direct appeal. *See Chavers v. State*, No. 05-90-00254-CR (Tex. App. -- Dallas, Jan. 24, 1991, no pet.); *Chavers v. State*, No. 05-90-00255-CR (Tex. App. -- Dallas, Apr. 9, 1991, pet. ref'd). Petitioner also challenged one of his murder convictions in two applications for state post-conviction relief. The first application was denied without written order on the findings of the trial court. *Ex parte Chavers*, WR-25,396-01 (Tex. Crim. App. Nov. 24, 1993). The second application was dismissed for abuse of the writ. *Ex parte Chavers*, WR-25,396-02 (Tex. Crim. App. Feb. 1, 2012). Petitioner then filed this action in federal district court.

II.

As best the court understands his claims, petitioner appears to contend that a 1992 *nunc pro tunc* order imposing consecutive sentences for the two murders violates Texas law and the Due Process Clause.[1]

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The *nunc pro tunc* order, issued by the trial court two years after petitioner's trial, was necessary to ensure that his sentences ran consecutively. *See Ex parte Chavers*, WR-25,396-02, Tr. at 47.

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to consecutive terms of 55 years and life imprisonment for two murders. One conviction was affirmed by the state court of appeals on January 24, 1991. Petitioner did not seek further review with respect to that conviction. Therefore, the conviction became final on February 23, 1991 -- 30 days after the state appeals court rendered judgment. *See* TEX. R. APP. P. 68.2, *formerly* TEX. R. APP. P. 202. Petitioner's other murder conviction was affirmed by the state court of appeals on April 9, 1991. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 11, 1991, and petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, that conviction became final on December 10, 1991 -- 90 days after the Texas Court of Criminal Appeals denied review. *See*

*Watson v. Thaler*, No. 3-09-CV-1125-O, 2010 WL 271940 at *2 (N.D. Tex. Jan. 21, 2010) (citing cases), *appeal dism'd*, 2011 WL 3364396 (5th Cir. Aug. 3, 2011) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner filed an application for state post-conviction relief on July 29, 1993, which was denied on November 24, 1993. A successive state writ was filed on November 10, 2011, and dismissed on February 1, 2012. Petitioner filed this action in federal court on March 11, 2012.

The one-year limitations period started to run on April 24, 1996 -- the date the AEDPA was enacted. Yet petitioner waited more than *15 years* before seeking federal habeas relief. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, this action should be dismissed.[2]

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] To the extent petitioner seeks monetary damages for wrongful incarceration, his claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court).

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE