# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **ALBERT WILLIAMS CHAVERS, JR.,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-0800-L-BD** |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Albert Williams Chavers, Jr.'s ("Petitioner") writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on March 19, 2012. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on June 13, 2012, recommending that the action be summarily dismissed with prejudice because the writ of habeas corpus is barred by the one-year limitations period. The magistrate judge also notes that Petitioner waited more than 15 years before seeking federal habeas relief, and Petitioner failed to offer any explanation to justify this delay in requesting such relief. Petitioner did not file any objections to the Report.

Having reviewed the pleadings, record, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly the court **denies** Albert Williams Chavers Jr.'s writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and **dismisses** this action **with prejudice** for failure to file within the one-year limitations period.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).* In the event that Petitioner files a notice of appeal, the court notes that Petitioner will need to pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**It is so ordered** this 6th day of July, 2012.

Sam A. Lindsay
United States District Judge

---

\* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**